UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| WADE A. STEVENSON, JR., ) | Civil Action No. 5:16-CV-421-KKC |
| ) | |
| Plaintiff, ) | and |
| ) | |
| v. ) | Civil Action No. 5:16-CV-435-KKC |
| ) | |
| PRIME MOTORS, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |
| ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Wade A. Stevenson, Jr., is a pre-trial detainee confined in the Fayette County Detention Center ("FCDC") located in Lexington, Kentucky.[1] On November 15, 2016, Stevenson filed a *pro se* 42 U.S.C. § 1983 civil rights complaint [R. 1] alleging that Defendant Prime Motors of Lexington, Kentucky caused him to be falsely arrested and maliciously prosecuted. On November 28, 2016, Wade, again proceeding *pro se*, filed a second and related § 1983 civil rights complaint, in which he asserted additional false arrest and additional malicious prosecution claims against another defendant, the Lexington Fayette Urban County Government ("LFUCG"). *Wade A. Stevenson, Jr. v. Prime Motors*, No. 5:16-CV-435-KKC (E.D. Ky. 2016). Because Stevenson's claims in both civil actions stemmed from the same set of alleged underlying facts, *i.e.*, his arrest on February 26, 2016, for stealing an automobile; his subsequent prosecution in state court stemming from the alleged offense; and his current confinement in the FCDC, resulting from the state court criminal charges filed against him, the Court consolidated Stevenson's two cases into one proceeding, with this

---

[1] The Court has previously addressed Stevenson's custodial status. *See* R. 3, p. 1, and *id.*, at n.1.

proceeding (5:14-CV-421-KKC) being the first case, and the second action (No. 5:15-CV-00435-KKC) being the second. *See* Order, R. 3.

## ALLEGATIONS OF THE COMPLAINTS

In the first case, Stevenson's § 1983 Complaint alleges that on April 22, 2016, Defendant Prime Motors submitted a false complaint or statement to the Lexington Police Department resulting in his wrongful arrest and prosecution for theft of a vehicle. Stevenson alleges that Prime Motors stated in the police report that on February 26, 2016, Stevenson came to the dealership; stated that he wanted to purchase a vehicle valued at $7,900.00; presented his driver's license, and told the dealership that he was going to drive the vehicle to a place where he could obtain an insurance quote; but that Stevenson instead left in the vehicle and did not return. [R. 1, p. 1, ¶ 1] Stevenson alleges that Prime Motors reported the vehicle stolen on April 22, 2016, and that Prime Motors made "blatantly false statements" on Uniform Citation No. 26668294, which resulted in his wrongful arrest, his wrongful incarceration for the past eight months, loss of his, employment, and the wrongful repossession of a vehicle which Stevenson claims that he legally purchased. [*Id.*, pp. 1-2].

Stevenson alleges that he bought the vehicle from Prime Motors on February 26, 2016, and that under the purchase agreement, he was to make monthly payments of $236.00, and consequently, Prime Motors issued him a temporary license plate for the vehicle. [*Id.*] Stevenson claims that on April 22, 2016, Prime Motors falsified a police report which fraudulently concealed the facts of the purchase contract and caused him to be arrested, maliciously prosecuted, and falsely imprisoned. Stevenson demands $2 million in compensatory damages and punitive damages from Prime Motors.

In the initiating document[2] filed in the second case, Stevenson alleges essentially the same underlying facts and claims which he asserted in the first one. Stevenson alleges that the LFUCG has maliciously prosecuted and illegally incarcerated him. He seeks the $3 million in compensatory and punitive damages from the LFUCG. Stevenson also asks this Court to "… grant this motion and issue an Order for this claim to be heard before this Court." *See* second case (No. 5:16-CV-435-KKC), R. 1, at p. 2]

## STEVENSON'S PENDING STATE COURT CRIMINAL CASES

This Court takes judicial notice of the publically available docket sheets of three criminal proceedings in in the Fayette County, Kentucky, District Court in which Stevenson is a defendant. All three criminal proceedings are currently pending in the Fayette County, Kentucky, District Court.

First, on March 14, 2016, Stevenson was charged in the Fayette County District Court with "Fraudulent Use of a Credit Card U/$500 Within a 6 Month Period." *Commonwealth of Kentucky v. Wade A. Stevenson, Jr.*, No. 16-M-02761. The handwritten notations on the docket sheet of that proceeding reflect that on April 26, 2016, the charge was waived to the Fayette County Grand Jury.

Second, on April 21, 2016, Stevenson was charged in the Fayette County District Court with "Receiving Stolen property U/$500." *Commonwealth of Kentucky v. Wade A. Stevenson, Jr.*, No. 16-M-00946. The handwritten notations on the docket sheet of that proceeding reflect that on April 26, 2016, Fayette District Court Judge Wilkie conducted a preliminary hearing, and that the charge was "Held to Grand," (presumably meaning that the case was waived to the Fayette County Grand Jury).

---

[2] Stevenson styled his initiating document in the Member Case as a "Motion for Civil Claim for Malicious Prosecution," but for administrative purposes, the Clerk of the Court docketed that submission as a § 1983 civil rights complaint.

3

Third, also on April 21, 2016, Stevenson was charged in the Fayette County District Court with two counts of "Burglary in the Second Degree," and "Receiving Stolen Property u/$500." *Commonwealth of Kentucky v. Wade A. Stevenson, Jr.*, No. 16-M-00951. The handwritten notations on the docket sheet of that proceeding reflect that on April 26, 2016, Fayette District Court Judge Wilkie conducted a preliminary hearing, and that the charge was "Held to Grand Jury."

Hereafter, this Court will collectively refer to these three pending criminal proceedings as the "the State Court Criminal Proceeding."

## DISCUSSION

Generally, parallel state court proceedings do not prevent a federal court from exercising its jurisdiction to hear and decide a case. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). In certain "exceptional" situations, though, a federal court must abstain from interfering with pending state court actions. *Id.*; *see also New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). The doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), bars federal courts from interfering in a state court proceeding that (1) is ongoing, (2) involves an important state interest, and (3) provides adequate opportunity to raise a constitutional challenge. *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). When the state court proceeding satisfies all three *Younger* requirements, the federal court should dismiss the case, and courts are free to do so even before addressing jurisdiction or proceeding to the merits. *See Tenet v. Doe*, 544 U.S. 1, 6 n. 4 (2005) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

When the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong. *Younger*, 401 U.S. at 43. That policy applies "in full force" as soon as the "state criminal proceedings [have] begun." *Hicks v. Miranda*, 422 U.S.

4

332, 349 (1975) (holding that *Younger* applied as soon as charges were brought in state court, even though the federal case was already pending). In short, "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"--even when the interference would not actually halt the prosecution altogether. *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980).

The *Younger* doctrine mandates dismissal of both § 1983 actions in which Stevenson collaterally attacks the validity of the criminal charges filed against him in the State Court Criminal Proceeding, and in which he seeks substantial monetary damages from the LFUCG and Prime Motors, the latter being entity which he alleges is the prosecuting witness against him. Clearly, the State Court Criminal Proceeding has "begun" and is ongoing, and the Sixth Circuit has held that *Younger* bars "even minimal interference with ... a state proceeding." *J.P. v. DeSanti*, 653 F.2d 1080, 1084 (6th Cir. 1981). To the extent that Stevenson alleges that Prime Motors provided false information on the police report in violation of his right to due process, Stevenson is free to file a motion to dismiss the charges in the State Court Criminal Proceeding based on that allegation, and/or argue that point at trial, and/or on direct appeal in the Kentucky appellate courts, if the State Court Criminal Proceeding advances and he is ultimately convicted. *See Habich v. City of Dearborn*, 331 F.3d 524, 531 (6th Cir. 2003) (explaining that the critical question is whether the issue raised is collateral to the principal state proceeding, or, framed a different way, whether the federal plaintiffs have an opportunity to raise their claim in state proceedings." (internal citations and quotations omitted)); *Morano v. Dillon*, 746 F.2d 942, 945 (2d Cir. 1984) (holding that *Younger* bars a federal court from interfering in a state court's decision to deny a criminal defendant a preliminary hearing because the defendant was able to raise his constitutional claims in the criminal proceedings at hand).

In other cases recent cases filed by state court pretrial detainees who sought federal interference in, or micromanagement of, various aspects of their pending state court criminal cases, this Court has abstained from meddling in their state court criminal actions, and has denied their complaints and/or petitions seeking such relief. *See, e.g.*, *Adkins v. Burchett*, No. 0:15-CV-75-HRW, 2015 WL 5945647, at *3 (E. D. Ky. Oct. 13, 2015) (declining to interfere with bail amount established in plaintiff's state court criminal proceeding, based on Younger abstention principles); *Howard v. Hammons*, No. 16-CV-95-DCR (E.D. Ky. Jun. 27, 2016) (denying § 2241 petition, filed by state court pretrial detainee, challenging rulings made in his state court criminal proceeding, based on the *Younger* abstention doctrine) [R. 5; R. 6, therein]; *Caldwell v. USA*, No. 6:14-CV-225-KKC (E.D. Ky. Nov. 23, 2015) [R. 11; R. 12, therein] (dismissing prisoner's mandamus petition and abstaining from meddling in various aspects of Caldwell's pending criminal case in the Kentucky circuit court based on *Younger*); *Amar Gueye v. Magistrate Jeremy Richards*, No. 2:15-CV-178-DLB, 2015 WL 6395009, at **4-5 (E.D. Ky. Oct. 21, 2015) (dismissing, on *Younger* abstention grounds, Gueye's 42 U.S.C. § 1983 civil rights complaint in which he asked this Court to interfere with the procedural or discovery processes in his pending Kentucky criminal case); *aff'd*, *Amar Gueye v. Magistrate Jeremy Richards*, No. 15-6325, p. 3 (Oct. 4, 2016) ("The district court properly dismissed without prejudice Gueye's § 1983 claims against the Boone County District Court judges, the Boone County District Court, Boyer, and the Boone County prosecutor's Office, because the district court was precluded from interfering with pending Kentucky proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).").

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512 (1986). That

6

logic clearly applies in this case, because if Stevenson were convicted or pleaded guilty to the criminal charges filed against him charges filed against him in the State Court Criminal Proceeding, and if this Court allowed Stevenson's two § 1983 actions to proceed and Stevenson obtained a judgment for monetary relief against the defendants, potentially inconsistent results might occur that would call into question the validity of the criminal charges. This Court declines to allow the two § 1983 actions to proceed at this time. *See Carroll v. City of Mount Clemons*, 139 F.3d 1072, 1074-75 (6th Cir. 1998) ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 68-42 (6th Cir. 1990). Abstention is thus appropriate in this case with respect to Stevenson's claims seeking monetary damages for the Prime Motors and the LFUCG.

A district court that elects to abstain under *Younger* has the option of holding an action in abeyance or dismissing the case without prejudice. Here, dismissal without prejudice is appropriate, as Stevenson may properly assert any constitutional claims or challenges during the State Court Criminal Proceeding, or after the conclusion of the State Court Criminal Proceeding.

## CONCLUSION

Based upon the *Younger* abstention doctrine and above authority, it is hereby **ORDERED** as follows:

(1) This 42 U.S.C. § 1983 civil rights complaint filed by Plaintiff Wade A. Stevenson, Jr., in the first case (No. 5:16-CV-00421-KKC) is **DISMISSED WITHOUT PREJUDICE**.

(2) The 42 U.S.C. § 1983 civil rights complaint filed by Stevenson in the second case (No. 5:16-CV-00435-KKC) is **DISMISSED WITHOUT PREJUDICE**.

(3) Judgment will be entered in favor the defendants named in the first case and in the second case.

This February 7, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY